# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

CESAR ABARCA,

               Plaintiff,

     v.

REYES, et al.,

               Defendants.

Case No.  1:24-cv-00624-FRS (BAM) (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM
(ECF No. 10)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Cesar Abarca ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's second amended complaint is currently before the Court for screening.  (ECF No. 10.)

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California, where the events in the complaint are alleged to have occurred. Plaintiff names G. Reyes, Correctional Officer, as the sole defendant.[1]

Plaintiff alleges that on June 11, 2022, at approximately 10:30 a.m., Plaintiff was performing his assigned duties as the second watch porter. Plaintiff had just finished cleaning the 4B-4A-Bldg-A-Section Dayroom, and proceeded to the 4B-4B-Bldg-B-Section dayroom to perform his assigned duties there. Plaintiff began to spray down and clean the cell door of Cell #104. Cell #104 was slightly ajar. Plaintiff looked up at the control tower for Defendant Reyes, to request that he close/secure Cell #104, but could not locate Defendant Reyes, as he was distracted and not alert in violation of Cal. Code of Regulations, Title 15, §§ 3394 and 3395.

The control booth tower has an unobstructed view of Cell #104. Defendant Reyes could see that Plaintiff was performing his assigned duties as a porter and was in the act of cleaning Cell #104's exterior doorframe, and without any warning to Plaintiff, Defendant Reyes secured/closed Cell #104 while distracted and unalert. The door shut on Plaintiff's right pinky finger, severing the entire nail bed and pinky print area of the pinky, crunching bone and nerves.

---

[1] In prior versions of the complaint, Plaintiff also named Warden B. Cates as a defendant. (ECF Nos. 1, 7.)

The pain was excruciatingly severe, unbearable, and traumatizing.

Plaintiff's right pinky from the tip to the base of the nail bed was on the ground. Inmates in the dayroom began yelling at Defendant Reyes, that he cut off Plaintiff's pinky and that he needed emergency medical attention. Non-party C/O Brown entered B-Section and observed the severity of Plaintiff's injury to his right pinky and immediately activated his personal alarm device and announced over the radio a code-1 medical emergency in 4-Bldg, at approximately 10:35 a.m.

The 4B-Medical Team arrived and began trying to stop the bleeding, and placed the severed pinky nail print and bed on ice in an attempt to salvage the pinky. The medical staff radioed for a Correctional Treatment Center ambulance. Plaintiff arrived at CTC at approximately 10:45 a.m., then was rushed to a hospital in Bakersfield where he sat in the emergency room until approximately 22:00 hours. Plaintiff's pinky was sterilized and bandaged, then released as the severed part of the pinky was not able to be reattached, leaving Plaintiff with a disfigured pinky limb.

Defendant Reyes did not author an incident report of Plaintiff's injury/emergency, in violation of Cal. Code of Regulations, Title 15, §§ 3300 and 3301.

Defendant Reyes was not supposed to leave any cell doors open in a Level 4, 180 design facility and walk away while the cell door is open, even a little, as he was assigned to a security post and was responsible for Plaintiff's safety.

Defendant Reyes caused the injury and disfigurement to Plaintiff's right pinky, causing harm and irreparable damage to that limb that has left Plaintiff scarred for life and in pain of the nerves in the right pinky.

C/O Brown gave Plaintiff the department's guidelines covering workers' compensation for inmates and had Plaintiff fill out the forms and return them to Brown, Plaintiff's unit supervisor. Brown told Plaintiff that he would submit the forms along with his report of the incident to the Inmate Assignment Office for processing, that the forms will be assigned a workers' compensation number, and the Inmate Assignment Office would get back to Plaintiff. This was done on June 12, 2022. To date Plaintiff has received no response or acknowledgement

3

of his workers' compensation claim.

Plaintiff alleges violations of his rights under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment and his right to receive workers' compensation. Plaintiff's grievance about this incident was dropped in the 602 box in the 4B-4Bldg 4 Rotunda on August 1, 2022, and to date Plaintiff has received no response, and all attempts made via request for interview forms are not answered or returned, chilling the exercise of Plaintiff's First Amendment right to grieve issues.

Plaintiff seeks compensatory and punitive damages, declaratory relief, costs, and other just and equitable relief the Court deems just and necessary.

**III.    Discussion**

Plaintiff's second amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

**A.    First Amendment – Grievance Process**

Plaintiff alleges that despite timely submitting a grievance, he has received no response to his grievance or his requests for interview regarding the grievance, chilling the exercise of his First Amendment rights.

Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals.  Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed.  *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.19 88).  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993); *see also Wright v. Shannon,* No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).  Denial or refusal to process a prison grievance is not a constitutional violation.  *Rushdan v. Gear,* No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018).  Accordingly, Plaintiff fails to state a

cognizable claim arising out of the screening or processing of his grievances or complaints.

**B.    Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

Plaintiff's allegations fail to state a cognizable claim against Defendant Reyes under the Eighth Amendment. Plaintiff repeatedly alleges that Defendant Reyes was "distracted and not alert" before and at the time he shut the door to Cell #104. Though Plaintiff alleges that Defendant Reyes had an unobstructed view of Cell #104 and could see Plaintiff, Plaintiff also alleges that when he looked up at the control tower, he could not see Defendant Reyes. This indicates that although the view from the control tower to Cell #104 was unobstructed, Defendant Reyes was not in a position to see Plaintiff when he closed the door to Cell #104 and injured Plaintiff. At most, Plaintiff alleges that Defendant Reyes was negligent in his security duties, but

fails to allege that Defendant Reyes had knowledge that Plaintiff was in a position to be harmed when he shut the cell door.

To the extent Plaintiff alleges that Defendant Reyes violated Plaintiff's rights by failing to file an incident report, failing to report an incident that has already taken place, without more, does not constitute a disregard for an excessive risk to inmate health or safety. *See, e.g.*, *Bullard v. St. Andra*, No. 1:17-cv-0328-MJS (PC), 2017 WL 1398834, at \*3 (E.D. Cal. Apr. 19, 2017) ("Failure to report the incident does not violate the Eighth Amendment absent facts showing that by failing to report the incident, defendants knowingly disregarded an excessive risk to Plaintiff's health or safety."); *Harbor v. Cherniss*, No. 2:15-cv-0705 AC P, 2016 WL 1587240, at \*3 (E.D. Cal. Apr. 20, 2016) (same).

### C. Fourteenth Amendment – Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff fails to state a cognizable equal protection claim. Plaintiff alleges only a violation of his right under the Fourteenth Amendment "to be 'treated equal; under the Constitution to receive 'worker's compensation' for the injuries sustained in his place of employment . . ." but pleads no further facts regarding whether Plaintiff was a member of a protected class or how he was treated differently than any similarly situated individual.

///

///

**D.    Prison Regulations and Policies**

To the extent Plaintiff alleges that Defendant did not comply with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights.  *See, e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

**E.    State Law Claims**

To the extent Plaintiff is attempting to bring any claims against Defendant under California state law, Plaintiff has failed to allege compliance with the claim presentation requirements of the Government Claims Act.

California's Government Claims Act[2] requires that a claim against the State[3] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the

---

[2] This Act was formerly known as the California Tort Claims Act.  *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[3] " 'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller."  Cal. Gov't Code § 900.6.

cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2.  Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit.  *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act.  *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Furthermore, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).  Here, Plaintiff's second amended complaint fails to state any cognizable federal claims against Defendant.  It will therefore be recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, if any.

### F.       Workers' Compensation

It appears Plaintiff is also attempting to pursue his workers' compensation claim in this action.

California's Workers' Compensation Act grants the Workers' Compensation Appeals Board exclusive authority to hear claims "[f]or the recovery of [workers'] compensation, or concerning any right or liability arising out of or incidental thereto."  Cal. Labor Code § 5300(a); *see also U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1134 (9th Cir. 2011).  The statute establishes "exclusive jurisdiction within the workers' compensation system for 'all disputes over coverage and payment.' "  *Mitchell v. Scott Wetzel Servs., Inc.*, 227 Cal. App. 3d 1474, 1480 (1991) (quoting *Marsh v. McLennan, Inc.*, 49 Cal 3d 1, 7–8 (1989)).  For this reason,

other district courts in California have refused to entertain claims involving worker's compensation benefits, brought by inmate workers who have been injured in prison. *See Rodriguez v. State Comp. Ins. Fund*, No. 05-cv-2600 LKK GGH, 2006 WL 8458934, at *3 (E.D. Cal. Jan. 9, 2006) ("The mere denial of workman's compensation by the State Insurance Compensation Fund does not present a federal question."); *Ledesma v. Cal. Rehab. Ctr.*, No. 15-cv-2638 FMO JPR, 2016 WL 1165920, at *3 (C.D. Cal. Feb. 16, 2016), report and recommendation adopted, 2016 WL 1170885 (C.D. Cal. Mar. 24, 2016); *Montgomery v. Cal. Worker's Comp. Appeals Bd.*, No. 10-cv-3076 CL, 2011 WL 2470080, at *3 (D. Or. May 9, 2011), report and recommendation adopted, 2011 WL 2462938 (D. Or. June 20, 2011). As the magistrate judge explained in Montgomery, "[r]egardless of the label placed on plaintiff's claims . . . [their] gravamen . . . relate to denial of worker's compensation benefits which plaintiff believes are due him" and thus they "are barred by the exclusive remedy provided by the California workers' compensation system." *Id.* (citations omitted).

Because exclusive jurisdiction is vested in the California workers' compensation system, this Court lacks jurisdiction over Plaintiff's worker's compensation claim.

### G.    Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

///

///

**IV.      Conclusion and Recommendation**

For the reasons discussed, the Court finds that Plaintiff's second amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**February 4, 2026**__                    _____/s/ *Barbara A. McAuliffe*_____
                                                                          UNITED STATES MAGISTRATE JUDGE